ELI M. LANG, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED SEPTEMBER 26, 1914. No. 17,701.

1. **Trial: INSTRUCTIONS: SURPLUSAGE.** In a charge to a jury controverted issues or essential facts should not be involved, confused or incumbered by the recital of unnecessary pleadings, by the unnecessary narration of admitted or immaterial facts, or by superfluous reference to questions already settled by pleadings or by uncontradicted evidence.

2. ————: ————: ————. Instructions should simplify the questions to be determined by the jury, and should not include extraneous matter.

3. **Carriers: INJURY TO PASSENGERS: LIABILITY.** If a street railway passenger attempts to alight when the car stops at an unusual place, knowledge of the conductor, or proof of facts charging him with knowledge, that the passenger is attempting to get off at such a place is essential to a recovery for personal injuries caused by the starting of the car while he is doing so.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*John L. Webster* and *W. J. Connell,* for appellant.

*John W. Cooper, contra.*

ROSE, J.

Plaintiff sued defendant for $10,000 on account of personal injuries, and on the verdict of a jury recovered judgment for $1,500. Defendant appeals.

A reversal is sought on account of errors in the instructions. In an attempt to state the issues, an instruction covering five pages of typewritten matter was given. It

contained the petition, the answer, and the reply. Before giving a more definite idea of controverted issues or essential facts than that found in the five-page instruction, the charge proceeded with statements that "those things that are agreed to by the parties in their pleadings or the evidence are to be taken as true," and that "the burden of proof is upon the plaintiff to prove every material allegation of the petition by a preponderance of the evidence, except such allegations as are not made of issue by defendant's answer." The trial court did not state directly what the parties had agreed to in their pleadings or in the evidence, nor what the material allegations of the petition were. In a charge to a jury the controverted issues or essential facts should not be involved, confused or incumbered by unnecessary pleadings, by the unnecessary narration of admitted or immaterial facts or by superfluous reference to questions already settled by pleadings or by uncontradicted evidence. The method adopted has often been condemned and should be abandoned without further multiplication of mistrials. The responsibility for this erroneous practice does not rest wholly on the parties. The form in which an issue of fact is submitted to a jury should neither depend upon the verbal infirmity nor the trenchant brevity of a pleader. The trial court in its instructions should, as far as possible, protect innocent parties, juries and the public from the burden of unnecessary allegations, undue prolixity and useless verbiage in pleadings. Instructions should simplify the questions to be determined by the jury, and should not include extraneous matter. The flagrant violation of these rules was error.

Plaintiff was a passenger on a west-bound street car on Farnam street in Omaha, intending to get off at the Twentieth street intersection, where defendant's tracks cross each other at right angles. His right to recover is based on allegations and proof that he was invited by defendant to get off at the east or near side of the intersection, that the car stopped there, and that when he was getting off it was suddenly started, throwing him violently to the pavement and seriously injuring him. These alle-

gations and all negligence on the part of defendant were denied. The regular stopping place was at the west or far side of the intersection. Defendant's pleading and proof tend to show that the car did not stop at the east side of the intersection, but slackened its speed there, and stopped at the west side of Twentieth street; that plaintiff got off the car when it was in motion, and was injured through his own negligence. With the record in the condition outlined the trial court gave erroneous and prejudicial instructions, permitting a recovery without knowledge of the conductor, or of proof of facts charging him with knowledge, that plaintiff was alighting at an unusual place.

For the prejudicial errors mentioned, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.